**STATE of Missouri, Respondent,**

v.

**James W. VAUGHN, Appellant.**

No. 39615.

Missouri Court of Appeals, Eastern District.

Jan. 23, 1979.

Motion for Rehearing or Transfer to Supreme Court Denied Feb. 16, 1979.

Shifrin, Treiman, Bamburg & Dempsey, Dave Banford, Clayton, for appellant.

William C. McIlroy, Pros. Atty., Bowling Green, for respondent.

CLEMENS, Judge.

Defendant James W. Vaughn, having been previously convicted of driving while intoxicated, was again so charged and found guilty by a jury. Pursuant to the verdict the court sentenced him to eighty days in jail. (§ 564.440(2) RSMo 1969). Defendant has appealed, his sole contention being that the trial court erred by admitting into evidence documents concerning defendant's breathalyzer test because the documents had not been previously disclosed to him in response to his request for discovery.

For the state, patrolling deputy sheriffs Cox and Wells testified they saw defendant driving erratically at night without headlights; that when defendant got out he staggered, smelled of alcohol, his speech was slurred, his eyes bloodshot and watery and he admitted having recently drunk four bottles of beer. The officers arrested defendant and took him to jail where sheriff Cox, a licensed breathalyzer examiner, promptly gave defendant a breathalyzer test which showed .23% alcohol, only .10% being necessary to prove intoxication. (§ 564.442 1.(3), RSMo 1969).

The state's first witness, Sheriff Cox, who had arrested defendant and given him the breathalyzer test, was asked to state the test results. Defendant objected on the ground that there was "no foundation" for the result of the test. Rightly or wrongly, the court sustained the objection and witness Cox was withdrawn. In response to the court's ruling the state then proceeded to lay the foundation by introducing the documents about which defendant now complains.[1] Thereafter, the state recalled Sheriff Cox and without objection he answered the original question about defendant's test by stating it showed an alcoholic content of .23%.

Defendant contends he was surprised by the introduction of these documents because they had not been disclosed in response to his pre-trial request for discovery. Thereby—so far as pertinent here—defendant requested *the names and addresses of prospective state witnesses and reports of the results of scientific tests.* By its written response the state gave defendant the names of all witnesses to be called, except that of chemist Durham, whose name had been endorsed two months before trial, a copy of Sheriff Cox's Alcoholic Influence Report showing detailed questions to and answers by defendant as to his physical condition when arrested, and the sheriff's detailed observations showing symptoms of defendant's intoxication, the sheriff's arrest report giving details of defendant's conduct and physical condition when arrested, and the result of the breathalyzer showing intoxication at .23% alcohol.

1. The challenged documents: Sheriff Cox's Type Three permit to administer breathalyzer tests; Rules and Regulations of the Board of Health concerning such tests; the Type One permit of state chemist Durham, who testified as to the method of administering such tests; an instruction manual for giving the tests; Type Two and Three permits of Highway Patrolman Donald Bizelli, which authorized him to test and maintain the breathalyzer in question.

By these documentary responses it is not clear the state did fail to meet defendant's pre-trial request for disclosure. By its written response the state named the witnesses it intended to and did call. And, as seen above, the state disclosed the only scientific test by reporting the result of defendant's breathalyzer test.

The challenged documents concerning the breathalyzer test, heretofore itemized, were not clearly called for by defendant's request for discovery. None was a report of "the result of a scientific test." Instead, each concerned the qualifications of the officers connected with the breathalyzer test equipment and the state had previously informed defendant of the result of the test. We further note the state did not introduce the challenged documents voluntarily but did so at defendant's request.

To support his appellate contention that the challenged exhibits should not have been admitted in evidence because not previously disclosed, defendant relies on Rule 25.32, V.A.M.R., which calls for disclosure of requested information. As pointed out, defendant's request was for "reports of scientific tests." None of the challenged documents was a "report of scientific tests," but was merely background testimony about administering the breathalyzer test, the result of which defendant had pre-trial knowledge. This evidence came in to meet defendant's asserted contention that there was no foundation for testimony about the breathalyzer test result. The challenged evidence was admitted in response to defendant's objection of no foundation and we hold that admitting it was not error on the stated ground of non-disclosure.

Assuming arguendo that defendant was entitled to pre-trial notice of the challenged qualification documents, we note that under Rule 25.45, V.A.M.R., the sanction of "excluding such evidence" for failure to comply with the discovery rule is discretionary with the trial court. See *State v. Moten*, 542 S.W.2d 317[2, 3] (Mo.App.1976), so holding and adding: "Basically, the question is whether or not the failure to produce as required by the rules results in fundamental unfairness to the defendant . . . The Court here saw and considered the evidence, engaged in a fair exercise of discretion and concluded not to impose the requested sanction. The appellant has not shown that the action on the part of the trial court was an abuse of discretion." We so hold here.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.